UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHEDA J. ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CALUMET CITY, a municipal corporation, OFC. K. KING #245, MATTHEW SORAGHAN, and RAUDEL PEREZ,<br><br>    Defendants. | Case No. 22-cv-03462<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rasheda Armstrong alleges that Defendants the City of Calumet City, Officer K. King, Matthew Soraghan, and Raudel Perez violated her Fourth Amendment rights by forcing entry into her home without a warrant in June 2022. She also brings a state-law claim of conversion and trespass. Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, this Court denies Defendants' motion to dismiss [11].

**I.   Background**

The following factual allegations taken from the operative complaint [8] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). On June 27, 2022, Rasheda Armstrong returned home to her condominium unit to find the front door broken and Calumet City Police Officer King inside. Dkt. [8] at ¶ 8. Officer King informed Armstrong that Calumet

1

City officials forced entry into her unit to perform a "wellbeing check" on her. *Id.* ¶ 9. When they entered, no one was home; only Armstrong's dog. *Id.* ¶ 16. EMT-paramedics Matthew Soraghan's and Raudel Perez's forced entry damaged Armstrong's front door. *Id.* ¶ 10. Officer King searched the apartment and found several firearms legally owned by Armstrong. *Id.* ¶¶ 10, 17. Defendants did not have a warrant to enter Armstrong's home, and neither she nor anyone else in the home requested any assistance and no person had claimed there was an emergency in the home. *Id.* ¶¶ 12, 15.

Armstrong filed suit pursuant to 42 U.S.C. § 1983, claiming that Defendants violated her Fourth Amendment rights by entering and searching her home.[1] Armstrong also asserts state-law claims of trespass and conversion. In their motion to dismiss, Defendants argue the emergency aid exception to the Fourth Amendment's warrant requirement justified the search and entry, barring Armstrong's claim. In the alternative, Defendants contend that they are entitled to qualified immunity on all of Armstrong's claims. They also seek dismissal of the state law claims.

## II. Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy*

---

[1] Armstrong initially filed suit on July 1, 2022 [1]. After Defendants moved to dismiss her original complaint [5], Armstrong filed an amended complaint [8], and the Court denied as moot the first motion to dismiss.

2

*Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

### III. Discussion

#### A. Emergency Aid Exception to the Fourth Amendment

Defendants contend that in entering Armstrong's apartment without a warrant, they were justified by the emergency aid exception to the Fourth Amendment. [12] at 3–5. Under Fourth Amendment law, "a warrantless search of the home is presumptively unconstitutional." *Groh v. Ramirez*, 540 U.S. 551, 564 (2004). However

3

"law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (citing *Mincey v. Arizona*, 437 U.S. 385, 392 (1978)).

Armstrong responds to the motion, arguing that her allegations do not show that this exception applies. [13]. She asserts that Defendants did not know about any emergency and lacked a basis to believe a wellness check justified entering her apartment. *Id*. In assessing whether the emergency aid exception applies, "[a]n objective test applies and requires the court to determine whether the officer, given the facts that were known to him or her at the time, reasonably believed it was necessary to enter the home to render assistance or prevent harm to persons or property within." *United States v. Tepiew*, 859 F.3d 452, 456 (7th Cir. 2017) (citing *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 558 (7th Cir. 2014); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1244 (7th Cir. 1994)) (internal citations omitted). "Officers do not need ironclad proof of 'a likely serious, life-threatening' injury to invoke the emergency aid exception." *Morgan v. Fisher*, 558 U.S. 45, 49 (2009).

The case law Defendants rely on demonstrates that dismissal at this pleading stage is not warranted. Defendants rely on, for example, *Sutterfield*, 751 F.3d 542 and *Gonzalez v. Scaletta*, No. 17-cv-7080, 2021 U.S. Dist. LEXIS 175376 (N.D. Ill. Sep. 15, 2021). Both cases were decided on summary judgment, not on a motion to dismiss. Defendants fail to cite to any case law in which a motion to dismiss was granted based on a finding that the emergency aid exception applied. At this stage, the Court takes

4

Armstrong's well-pled facts as true: Defendants did not have a warrant to enter Armstrong's apartment, and that despite that, they entered her home and conducted a search. [8] at ¶¶ 12, 17. No one inside the home requested assistance, and no one else claimed to know an emergency existed or that anyone was injured or in peril in the home. *Id.* ¶15.

Defendants argue that "all of Defendants' actions were reasonable" and "[i]t is uncontested here, based on the facts contained in the Amended Complaint, that the Defendants acted solely out of a concern for the Plaintiff's well-being." Dkt. [12] at 1, 6. But those allegations are not in the operative complaint. To support its motion, Defendants cite certain allegations in the *original* complaint that are not in the amended complaint. The amended complaint is the operative complaint in this case. And Defendants fail to cite any authority requiring that the Court take as true allegations that are not in the amended complaint. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) ("An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio."); *Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 207 (7th Cir. 2008).

Whether it was objectively reasonable for the individual defendants to conclude that there was an emergency justifying entry into Armstrong's home without a warrant is a factual question for another day. Thus the Court cannot find at this early stage that Defendants' actions fell within the emergency aid exception to the Fourth Amendment.

5

### B. Qualified Immunity

Defendants argue that their "conduct was not so plainly unconstitutional that they would have been on notice that they were violating Plaintiff's rights." [12] at 7. As a result, they contend, the amended complaint should be dismissed on qualified immunity grounds. However "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000)). An immunity defense often depends on the facts of the case. *Alvarado*, 267 F.3d at 651. "[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Jacobs*, 215 F.3d at 765 n. 3; *see also Hanson v. LeVan*, 967 F.3d 584, 589 (7th Cir. 2020) ("immunity may depend on particular facts that a plaintiff need not plead to state a claim."). And again, Defendants rely on cases decided at the summary judgment stage. The Court declines to dismiss at this stage based on qualified immunity.

### C. State Law Claims for Trespass and Conversion

In her complaint, Armstrong states that she is alleging a "state law claim for trespass against Ofc. K. King #245, and trespass and conversion against Matthew Soraghan, and Raudel Perez [and] a state law claim for trespass and conversion against City of Calumet City on the basis of respondeat superior." [8] ¶¶ 6, 7. The elements of a claim for trespass to chattels or conversion are: "(1) defendants' wrongful assumption of control; (2) plaintiff's right in the property; (3) plaintiff's right to immediate possession; and (4) plaintiff's demand for possession." *Minuti v. Johnson*,

6

No. 02 C 4551, 2003 WL 260705, at *4 (N.D. Ill. Feb. 5, 2003) (citing *Nelson v. Sotheby's Inc.*, 115 F.Supp.2d 925, 929 n. 2 (N.D.Ill. 2000)). "Conversion and trespass to chattels are related torts." *Donohoe v. Corpak Medsystems, Inc.*, No. 17 CV 3228, 2019 WL 414674, at *5 (N.D. Ill. Feb. 1, 2019).[2] Liability for trespass to chattel can be based on "[h]arm to the personal property or diminution of its quality, condition or value." *Ogbolumani v. Young*, 2015 IL App (1st) 141930-U, ¶ 29. Defendants argue that Armstrong does not sufficiently allege this claim, for example, by not identifying what property is at issue.

Armstrong responds she makes "claims for trespass to land against the individual defendants, conversion against Soraghan and Perez for damaging her front door, and trespass and conversion against the City based on respondeat superior." [13] at 2-3. She contends that she "adequately alleges that the firefighters damaged [her] front door when forcing entry, which gives rise to a claim for either trespass to chattels or conversion under Illinois law," citing *Loman v. Freeman*, 874 N.E.2d 542 (2006), aff'd, 229 Ill. 2d 104, 890 N.E.2d 446 (2008). *Id*. at 6. The amended complaint does allege that Defendants' forced entry into her home damaged the front door of the condominium unit.

Viewing the complaint as a whole and drawing all reasonable inferences in the Armstrong's favor, the Court finds that she has stated a claim of conversion or trespass to chattels. And Defendants do not seek dismissal of the trespass to land claim. Thus the state law claims survive.

---

[2] The difference between trespass to chattels and conversion is "a matter of degree." *Zissu v. IH2 Prop. Illinois, L.P.*, 157 F. Supp. 3d 797, 803 (N.D. Ill. 2016).

## IV. Conclusion

For the stated reasons, Defendants' Motion to Dismiss [11] is denied.

E N T E R:

Dated: December 2, 2022

_____
MARY M. ROWLAND
United States District Judge